## DISCON, INCORPORATED, Plaintiff–Appellant,

v.

## NYNEX CORPORATION, NYNEX Material Enterprises, New York Telephone Company, Robert J. Eckenrode, and Bernard O'Reilly, Defendants–Appellees.

### Docket No. 95–7673.

United States Court of Appeals, Second Circuit.

Submitted: May 17, 1999

Decided: July 20, 1999

Lawrence C. Brown, Buffalo, N.Y., for plaintiff-appellant.

Henry B. Gutman, Simpson Thacher & Bartlett, New York, N.Y.; Richard G. Taranto, Farr & Taranto, Washington, D.C.;

---

John Thorne, Robert H. Griffen, Bell Atlantic Corp.; Arlington, Va., on the brief, for defendants-appellees.

Before: NEWMAN, OAKES and PARKER, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This appeal is before the Court on remand from the Supreme Court. *See NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998) ("*NYNEX*"). That remand confronts us with a somewhat unusual issue of interpretation. The Court's remand ends with the customary language that "the case is remanded for further proceedings consistent with this opinion," *id.* at ——, 119 S.Ct. at 500, but the parties, from whom we have received supplemental briefs, are in sharp disagreement as to what further proceedings the Court's opinion contemplates. Discon, Inc., the Plaintiff in the District Court and the Appellant in this Court, contends that we should adhere to our prior holding and remand to the District Court for further proceedings (a trial unless a summary judgment motion is successful) with respect to Discon's claims of an unlawful agreement in violation of Section One of the Sherman Act and a conspiracy to monopolize in violation of Section Two of the Act. *See* 15 U.S.C. §§ 1, 2. The NYNEX parties, the Defendants in the District Court and the Appellees in this Court, respond that we should direct dismissal of the complaint.

The parties' differing positions result from understandable uncertainty as to what further proceedings the Supreme Court expects to occur. A brief review of the history of the case in this Court and the Supreme Court is required in order to appreciate the problem we now face.

Discon's complaint charges antitrust violations arising from an alleged agreement among NYNEX Corp., two of its wholly owned subsidiaries, NYNEX Material Enterprises ("MECo") and New York Telephone Co. ("NYTel"), and AT & T Tech-nologies. The object of the agreement is alleged to be the elimination of Discon from the market for removal services—the removal of obsolete telephone equipment from the facilities of local telephone companies. The crux of the agreement is alleged to be a scheme whereby MECo, acting as NYTel's purchasing agent, instructed AT & T Technologies, a supplier of removal services, to submit bids at inflated prices; MECo would pass the inflated price on to NYTel, which would then pass the inflated prices on to telephone customers in the form of inflated telephone service charges, approved by state regulators; AT & T Enterprises would make a year-end rebate to MECo, which MECo would share with NYNEX. Upon Discon's refusal to participate in this scheme by quoting inflated prices, MECo refused to buy removal services from Discon, and Discon went out of business.

On the prior appeal, we held that the complaint stated a Section One claim *under the rule of reason* and "*possibly* under the *per se* rule applied to group boycotts in *Klor's*, if the restraint of trade ' "has no purpose except stifling competition." ' *Oreck*, 579 F.2d at 131 (quoting *White Motor Co. v. United States*, 372 U.S. 253, 263, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963))." *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1061 (2d Cir.1996) (emphases added). A footnote to that sentence explicitly stated, "We do not decide at this point whether the District Court on remand should apply a *per se* rule...." *Id.* at 1061 n. 6.

Despite the fact that we upheld the sufficiency of the complaint under the rule of reason and adverted to application of the *per se* rule only as a possibility, one that we explicitly concluded need not be considered, the Supreme Court's opinion states: "We granted certiorari in order to consider the applicability of the *per se* group boycott rule where a single buyer favors one seller over another, albeit for an improper reason." *NYNEX*, 525 U.S. at ——, 119 S.Ct. at 497. The Court's opinion makes clear that the *per se* rule is not to be

applied. *See id.* at ——, 119 S.Ct. at 497–500. Less clear is whether the Court believes, or permits us to believe, that Discon's complaint states a claim under the rule of reason. If it does, the proper course for us is to reconfirm our prior remand; if it does not, the proper course is to dismiss the complaint.

There are arguments for both outcomes. The main argument for dismissing the complaint is that it is hard to believe that the Supreme Court granted certiorari and wrote an opinion just to reject a phrase in a court of appeals opinion that was said to be only a possibility and was explicitly stated, in a footnote to the sentence using that phrase, not to have been the basis for any ruling. The force of that argument is blunted, however, by the fact that the Court's opinion notes the disagreement among the circuits as to the availability of the *per se* rule in circumstances where one entity is terminated (as seller or buyer) at the behest of the excluded entity's competitor.[1] The Court was evidently more concerned with what other courts had done than with what our Court had suggested was only a possibility.

A further argument for dismissing may be derived from one sentence in the Supreme Court's recitation of the procedural history of the case: "The Court of Appeals for the Second Circuit affirmed [the District Court's] dismissal with an exception, and that exception is before us for consideration." *Id.* at ——, 119 S.Ct. at 496. Since the "exception" in our prior opinion to affirming the District Court's dismissal of the complaint was the upholding of Discon's Section One claim and its Section Two conspiracy claim, it is arguable that the Supreme Court meant that the sufficiency of these claims was "before us for consideration."

On the other hand, there are strong arguments for remanding. First, the Supreme Court was specifically asked by the NYNEX parties (the Petitioners in the Supreme Court) to order the complaint dismissed, and the Court declined to do so. *See id.* at ——, 119 S.Ct. at 500. That argument is not conclusive, however. The Court refused to dismiss because the argument for dismissal was "outside the questions presented for certiorari."[2] *Id.* Thus, the Court was ruling only that *it* lacked authority to order the complaint dismissed. The possibility remains that we should dismiss, now that we are enlightened by the Court's opinion.

Second, and most important, the Court's opinion states several times that the only issue the Court is deciding is whether the circumstances alleged could constitute a *per se* violation. The pertinent statements, in addition to the one quoted above, are set forth in the margin.[3] The Court

---

1. *See NYNEX*, 525 U.S. at ——, 119 S.Ct. at 496 (comparing *Com–Tel, Inc. v. DuKane Corp.*, 669 F.2d 404, 411–13, and nn. 13, 16 (6th Cir.1982), and *Cascade Cabinet Co. v. Western Cabinet & Millwork, Inc.*, 710 F.2d 1366, 1370–71 (9th Cir.1983), with *Construction Aggregate Transport, Inc. v. Florida Rock Industries, Inc.*, 710 F.2d 752, 776–78 (11th Cir.1983)).

2. Neither of the two questions presented asked, "Is the complaint sufficient?" The two questions presented were:
   (1) When purchaser agrees to buy from supplier A rather than supplier B, and there is no issue of any horizontal restraints or vertical price restraints, may agreement between purchaser and supplier A be characterized as group boycott in violation of Section 1 of Sherman Act?
   (2) Assuming same facts, may agreement between purchaser and supplier A be characterized as conspiracy to monopolize in violation of Section 2 of Sherman Act?
   *NYNEX Corp. v. Discon, Inc.*, No. 96–1570, 66 U.S.L.W. 3037 (July 15, 1997). Asking whether an agreement "may be characterized" in a certain fashion is a somewhat odd way to frame certiorari questions. In any event, the fact that the questions presented did not challenge the sufficiency of the complaint reenforces the view that the Supreme Court was not only not ruling on the sufficiency of the complaint but also not implying anything about its sufficiency, assessed under the rule of reason.

3. The Court stated:
   In this case, we ask whether the antitrust rule that group boycotts are illegal *per se* as

did not state or imply that the challenged agreement could not be shown to be unlawful under the rule of reason.

On balance, we conclude that the proper course for us to take is to remand the case to the District Court for further proceedings. We acknowledge, of course, that the tentative dictum in our prior opinion ("possibly under the *per se* rule") must be discarded. More pertinent to proceedings in the District Court, we emphasize the Supreme Court's requirement "that the plaintiff here must allege and prove harm, not just to a single competitor, but to the competitive process, *i.e.*, to competition itself." *NYNEX*, 525 U.S. at ——, 119 S.Ct. at 498. The NYNEX defendants urge in their supplemental papers that Discon's complaint does not adequately allege harm to competition. On the prior appeal, we thought the complaint was sufficient to state a claim under the rule of reason, and we see no basis for altering that conclusion.[4] However, now that the parties have had the benefit of the Supreme Court's partial consideration of the case, Discon should be afforded the opportunity to amend its complaint to refine its allegations in light of the Court's opinion. It may well be difficult for Discon to resist a motion by NYNEX for summary judgment on the issue of lack of an adequate showing of injury to competition, but, in view of the Supreme Court's explicitly limited scope of review, we think it preferable to afford Discon the opportunity to make the requisite showing, leaving NYNEX free to challenge whatever showing Discon can make.

Accordingly, the case is remanded to the District Court for further proceedings, including an opportunity for the plaintiff to amend its complaint.

set forth in *Klor's, Inc. v. Broadway–Hale Stores, Inc.*, 359 U.S. 207, 212, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959), applies to a buyer's decision to buy from one seller rather than another, when that decision cannot be justified in terms of ordinary competitive objectives.

*NYNEX*, 525 U.S. at ——, 119 S.Ct. at 495. Thus the specific legal question before us is whether an antitrust court considering an agreement by a buyer to purchase goods or services from one supplier rather than another should (after examining the buyer's reasons or justifications) apply the *per se*

rule if it finds no legitimate business reason for that purchasing decision.

*Id.* at ——, 119 S.Ct. at 498.

This matter [whether the complaint adequately pleads harm to competition], however, lies outside the questions presented for certiorari. Those questions were limited to the application of the *per se* rule.

*Id.* at ——, 119 S.Ct. at 500.

4. We reject the contention of the NYNEX defendants that our prior opinion upheld the sufficiency of Discon's Section 2 conspiracy claim without requiring adequate allegation of anticompetitive harm.